# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

**JIM EARL JOHNSON**                                 CIVIL ACTION NO.  18-0347

**versus**                                          **JUDGE TERRY A. DOUGHTY**

**WAL-MART LOUISIANA, L.L.C., ET**         **MAG. JUDGE KAREN L. HAYES**
**AL.**

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b) and Standing Order 3.311, the above-captioned matter has been referred to the undersigned magistrate judge for review, report and recommendation. For the following reasons, it is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction.

## Background

On March 15, 2018, Plaintiff Jim Earl Johnson commenced the instant action against Defendants Wal-Mart Louisiana, L.L.C., Walmart, Inc., and Claims Management, Inc. in federal court on the basis of diversity jurisdiction, 28 U.S.C. §1332. (*see* Complaint, [doc. # 1]).

Upon review of the complaint, the court found that Plaintiff failed to properly allege the citizenship of the three defendants and did not include a statement alleging that the amount in controversy exceeds the jurisdictional minimum. Accordingly, on August 30, 2018, the court granted Plaintiff leave to amend his complaint within seven days to establish diversity jurisdiction. [doc. # 20]. The seven day period lapsed with no response from Plaintiff.

On September 12, 2018, the court ordered Plaintiff to show cause, in writing, on or before September 24, 2018, why his complaint should not be dismissed without prejudice for lack of subject matter jurisdiction. [doc. # 21]. Plaintiff did not respond to the order.

**Discussion**

Before reaching the merits of a case, federal courts are obliged to ensure they have subject matter jurisdiction to hear the matter. *See Smith v. Texas Children's Hosp.*, 172 F.3d 923, 925 (5th Cir. 1999) (courts must examine the basis for the exercise of federal subject matter jurisdiction). "A lack of subject matter jurisdiction may be raised at any time." *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Further, a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015) (citations omitted). The party seeking to assert jurisdiction bears the burden of proving its existence. *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010). Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless the party invoking federal jurisdiction establishes otherwise. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Plaintiff invoked federal subject matter jurisdiction via diversity, which requires complete diversity of citizenship between the adverse parties and an amount in controversy greater than $75,000. 28 U.S.C. §1332. To establish diversity jurisdiction, the citizenship of each party must be "*distinctly* and *affirmatively* alleged." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). This rule requires "strict adherence." *Id.* A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *Id.* at 1258. A limited liability company is a citizen of every state in which a member of its company is a citizen. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members.").

2

In his complaint, Plaintiff does not allege the citizenship of each member of Wal-Mart Louisiana, L.L.C. or the state of incorporation and principal place of business of Walmart, Inc. and Claims Management, Inc. (*See* Complaint ¶ 2). Further, Plaintiff did not include a statement alleging the amount in controversy exceeds $75,000. Plaintiff has also failed to comply with this court's orders to establish diversity jurisdiction. Therefore, Plaintiff has not met his burden of asserting complete diversity of citizenship between adverse parties and that the amount in controversy exceeds the jurisdictional minimum.

Based on the current record, the court is constrained to find that it lacks subject matter jurisdiction to maintain this action. In the absence of any apparent basis for subject matter jurisdiction, dismissal is required pursuant to Federal Rule of Civil Procedure 12(h)(3).

<u>Conclusion</u>

For the foregoing reasons,

**IT IS RECOMMENDED** that the above-captioned action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 1st  day of October 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE